**ESTATE of John Thomas COGGINS, Appellant,**

v.

**William O. LIVINGSTON, Appellee.**

No. 6871.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 19, 1967.

* Now Vernon's Ann.Tex.Code Crim.P. art. 44.11. (1966).

Don B. Moye, Nederland, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This suit for personal injuries was brought by the Estate of John Thomas Coggins against William O. Livingston, appellee. An instructed verdict was given appellee on his motion that there was no evidence that he struck the deceased with his automobile, and should there have been, there is no evidence of negligence or of proximate cause.

Appellant alleged that appellee struck deceased while he was walking on the one-way street of Milam near Schlesinger's Home in Beaumont, Texas, January 19, 1965; that appellee was negligent in failing to keep a proper lookout, failing to timely apply his brakes and failing to turn his automobile, and that such failures were the proximate cause of the injuries and death. Following is a résumé of the witnesses' testimony.

Como: Saw the defendant at Schlesinger's Home January 19, 1965 and when he left there between 5:20 and 5:25 p. m. defendant was still there. He got home around 5:30, reaching there in 5 or 10 minutes from Schlesinger's. He did not see the deceased in the ditch, walking on the road or on the side of the road.

Hopkins: While driving on the road leading to Schlesinger's January 19, 1965 about 5:30 p. m., saw what appeared to be a bundle of clothes on the side of the street and learned that it was a body about 4 feet off the road. There was a walking stick a few hundred feet back from the body and a hat partly on the road. He was abreast of the body before he realized it was a man.

Carpenter, a Beaumont police officer, conducted an investigation on January 20, 1965 of an incident which was reported to the Police at 5:43 p. m., January 19, 1965. Around 8:00 p. m. of January 20th, he went to appellee's home. Appellee's car had a dent on top of the fender near the windshield. There was scuff marks leading up to the dent. He found a disturbance of the dirt on the right front fender, and the bumper appeared to be moved up. Paint was around the bead of the fender and a brown substance on the windshield. The paint he found near the dent on the fender wasn't the color of the fender there, it was a foreign paint. He found paint on the side of the fender, around the bead, like it was scratched, like he had brushed against a piece of wood or something like that, and it was old. The walking cane he found near the scene was an ordinary wooden cane, round and brownish in color with a rubber tip on it. He said the appellee told him the day after the accident that he had not been at Schlesinger's Home the day of the accident, but when Carpenter told him he had information that he had been there, the ap-

pellee said, "Well, yes, maybe I was there last night. Maybe I was." Appellee later testified that he didn't tell the officer anything. Appellee told Carpenter he could not remember seeing the dent in the fender before and had no explanation as to where it came from. Appellee said that his car had not been driven since the evening of the accident until such time as the officer examined it.

Appellee was an adverse witness, "could not say" and he "just did not know" whether he struck the deceased.

McLean, City Chemist, determined that the brown substance near the windshield was blood.

■ The foregoing concludes the testimony most favorable to appellant, after exclusion of all testimony favorable to appellee. The burden of proof was on appellant to prove all necessary elements of its case, i. e., that the deceased was struck by a car, that the car was appellee's; that appellee was negligent and that such negligence was a proximate cause of the death.

■ No witness testified that appellee struck the deceased or that the blood on the windshield was the same type of blood as the deceased. The chemist said that the blood could have been either animal, bug or human. There was no probative evidence that the automobile was not in the same condition after the accident as it was before.

Should we presume, contrary to the only medical testimony in the case, that deceased was struck by a car, yet we could not build on such presumption by again presuming that appellee's car struck him and that appellee was negligent. The only evidence in the record appears to be of such a highly speculative and conjectural nature that a judgment in favor of appellant could not be allowed to stand. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1.

There being no evidence of a probative nature connecting appellee with the death in question, the judgment of the trial court is affirmed.